(No. 84-CC-0794

MICHAEL E. SCHAFER, M.D., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 19, 1984.*

*Order on motion to dismiss filed September 7, 1984.*

MICHAEL E. SCHAFER, M.D., *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This cause comes on to be heard on the Respondent's motion to dismiss, due notice having apparently been given, and the Court being fully advised in the premises;

The Claimant brought this action seeking payment of $2,100.00 for medical services provided to a child in the custody of the Department of Children and Family Services (DCFS). He alleged in his form "lapsed appropriation" complaint that demand for payment was made from DCFS, but his demand was refused on the grounds that the funds with which his bill could have been paid had lapsed.

The Respondent has moved for dismissal on the grounds that this obligation has been paid. In support of its position, the Respondent attached as Exhibit A a letter from DCFS which was described as a departmental report and offered as *prima facie* evidence of the

facts contained therein pursuant to Rule 14 of the Rules of the Court of Claims. The letter states that the Department of Public Aid paid this Claimant $1,480.00 which is in accordance with their pricing index for such services.

This Court has consistently rejected such evidence. Rule 14 is very beneficial to the Respondent and it enables this Court to function efficiently and economically. However, we cannot allow a departmental report from one State agency describing transactions of another State agency to become *prima facie* evidence under the rule. The weaknesses of the triple hearsay nature of the evidence outweigh any circumstantial guarantees of accuracy ordinarily attributed to departmental reports.

Motion denied.

### ORDER ON MOTION TO DISMISS

Roe, C.J.

This matter coming to be heard on the amended motion of the Respondent to dismiss the claim herein, due notice having been given and the Court being fully advised;

Finds that this claim has been paid directly by the Illinois Department of Public Aid at rates in accordance with the Medical Assistance Program Pricing Index.

It is hereby ordered that the motion of the Respondent be, and the same is, hereby granted and the claim herein is dismissed.